UNITED ELECTRIC COMPANY OF NEW JERSEY, PROSE-
CUTOR, v. THE MAYOR AND COMMON COUNCIL OF THE
CITY OF NEWARK, JAMES F. CONNELLY, CITY CLERK
OF THE CITY OF NEWARK, AND NEWARK BLOCK
LIGHTING COMPANY.

Argued February 18, 1908—Decided November 27, 1908.

By the act of March 28th, 1891 (*Gen. Stat., p.* 465), as amended by
the act of April 22d, 1897 (*Pamph. L., p.* 248), the power to pass
an ordinance granting to a corporation the right to open the
streets of the city of Newark, and to lay therein conduits for the
distribution of electricity, and to use such streets for such pur-
poses, is lodged solely in the board of street and water commis-
sioners of that city.

On *certiorari.*

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the prosecutor, *Frank Bergen* and *L. D. Howard Gil-
mour.*

For the defendant city of Newark, *Francis Child, Jr.*

For the defendant Newark Block Lighting Company, *Ray-
mond, Van Blarcom & Anthony.*

The opinion of the court was delivered by

TRENCHARD, J.   This writ of *certiorari* brings up for review
an ordinance entitled "An ordinance granting consent to New-
ark Block Lighting Company to open certain public streets in
the city of Newark and to lay therein subways, pipes or con-
duits for the supply and distribution of electricity for electric
lights, heat and power, and to use said streets for said pur-
poses," passed by the common council of the city of Newark
May 3d, 1907, and approved by the mayor May 8th, 1907.

The question presented is whether the common council of
the city of Newark had power to pass the ordinance.

The contention of the prosecutor is that that power is lodged solely in the board of street and water commissioners of the city.

It is conceded that prior to the time when the board of street and water commissioners was established in the city of Newark, the common council had power to pass such ordinances; but it is insisted that that power passed to the board of street and water commissioners upon its organization, and was there reposed at the time of the passage of the ordinance in question.

The act under which the board was created was passed in the year 1891. *Pamph. L., p.* 249; *Gen. Stat., p.* 465.

The board came into existence the next year, and still exists. Section 10 of the act provides: "That the said board of street and water commissioners of such city, in addition to all other powers or authority granted by law, *and in lieu and place of any common council, board of aldermen, or other governing body, or board, or corporate authority of such city, shall have, exclusive of all other boards, departments and officers of such city,* all the power and authority over the streets, avenues, lanes, alleys, roads, highways and sidewalks or public ways along the same, or in such city, *and in all matters and things in anywise appertaining to the use or occupation thereof or of any part of the same now or hereafter possessed by any board, department or officer of such city,* and all other matters the power and jurisdiction over which is transferred by this act to said board of street and water commissioners."

Sections 13 and 14 of the act provide as follows:

"13. That every municipal, corporate and official power and duty of every kind in relation to the subject-matters contained in this act, which at the time this act shall take effect in any such city of the first class, is vested or existing, in any board of aldermen, common council or other governing body or board, or in any public aqueduct or water board, or in any office or officer, board, body, department, clerk, employe, or authority in any such city, *shall be performed by the board of street and water commissioners in this act provided for,* and such board, in the exercise of such powers, authority and

duties, *shall be substituted for* any municipal board, depart-
ment, office or officer or authority then exercising or perform-
ing any such powers, duties, or authority in such city, *and the
powers, duties and authority aforesaid of the latter shall cease,
determine and end as herein provided.*

"14. That all laws or parts of laws, general, special, local or
private, in force in any such city of the first class aforesaid,
whenever this act may take effect and become operative
therein, and relating to the subject-matters contained in or
contemplated by the provisions of this act, and consistent with
its provisions, shall apply to such board of street and water
commissioners of such city, and such board, in such matters,
*shall be solely vested* with all the powers and authority, rights
and duties which are or may be at the date of the organization
of such board, by law vested in and conferred and imposed
upon, or existing in any *board of aldermen, common council
or other governing board or body,* or of any public aqueduct
or water board or municipal department, office, officer or
authority of any such city, and such law or laws, or parts
thereof as aforesaid, hereby are continued in force, *and are
made applicable to such board of street and water commis-
sioners provided for in this act,* except so far as the provisions
of the same may conflict with or be not consistent with the
provisions and intent of this act; and such board of street and
water commissioners hereby intended to be substituted and
empowered as aforesaid, shall in general be fully authorized
and absolutely empowered to do any other act or thing neces-
sary or convenient for the fulfilling and carrying out and
accomplishing the purposes of this act."

It is seen, therefore, that the act of 1891, among other
things, transferred to the board of street and water commis-
sioners exclusive control of streets and highways in the city,
including the regulation and control of the use and occupation
thereof by individuals and corporations, in terms that seem
to be perfectly plain.

But the defendants insist that, even if this be so, the act of
1896 (*Pamph. L., p.* 322), relating to electric light, heat and

power companies, conferred upon the common council of the city the right to pass the ordinance in question.

This contention, we incline to think, is unsound in view of the decision of this court in *Oliver* v. *Jersey City,* 34 *Vroom* 96, 101, where it was held that the expressions "common council" and "board of aldermen" in such acts are used in the sense of "governing bodies" and indicate the board of street and water commissioners. This view seems to have met the approval of the Court of Errors and Appeals. *Oliver* v. *Jersey City, Id.* 634, 635.

But, however this may be, we think that the power to pass the ordinance in question, if lodged in the common council by the act of 1896, was transferred to the board of street and water commissioners by a supplement to the act of 1891, passed in 1897. *Pamph. L., p.* 248. By this act the second section of the act of 1891 was amended to read as follows:

"2. The said board of street and water commissioners herein provided for, in any city aforesaid, *shall be substituted for and become vested with and shall perform such of the powers,' rights and duties as are herein specified* (*i. e.,* all the powers specified in the entire act), with such authority as may be by law vested in and imposed upon, or exercised by the board of aldermen, common council, or other governing body or board of such city, or of any public aqueduct or water board or department, or of any department, civil engineer, city surveyor, commissioner, street commissioner, office or officer, clerk, servant or employe or authority of any such city; that the said board of street and water commissioners shall have power to lay out, open, grade, alter, vacate or change the lines of streets, avenues, lanes, alleys or highways, and to pave, repave, repair, improve or clean streets, avenues, lanes, alleys or highways, and sewers and drains, and to make any street, highway or sewer constructions, connections, alterations, repairs or improvements, *and to control and regulate the use and occupation of the streets, avenues and highways* and sidewalks of such city * * *."

Considering all the legislation referred to, we think it plain that the power to pass an ordinance granting to a corporation

the right to open the streets of the city of Newark, and to lay therein conduits for the distribution of electricity, and to use such streets for such purposes, is lodged solely in the board of street and water commissioners of that city.

The result is that the ordinance under review must be set aside, with costs.